IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JEREMY TYSON,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ) | Civ. No. 2:26-cv-02294-SHL-atc |

ORDER DISMISSING § 2255 MOTION AS TIME-BARRED,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT APPEAL IS NOT TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Before the Court is the pro se Movant Jeremy Tyson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed March 17, 2026. (ECF No. 2.) Respondent filed a timely response. (ECF No. 6.) Tyson did not file a reply, and the time to do so has expired. (See ECF No. 5.) For the reasons outlined below, the § 2255 Motion is **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

A. Tyson's Criminal Case

In 2017, Tyson plead guilty to aiding and abetting a carjacking and to aiding and abetting the use, carrying, and brandishing of a firearm during and in relation to a crime of violence. (See Case No. 2:17-cr-20106 at ECF No. 63, PageID 198–99.) Tyson was sentenced to a total term of imprisonment of 134 months. (Id. at PageID 200.) He did not file a direct appeal.

B. Tyson's § 2255 Motion

Tyson filed his § 2255 Motion on March 17, 2026. (ECF No. 2.) He alleges that his sentence must be vacated and his case remanded for resentencing because the Court "used unlawful sealed youthful offender criminal history to enhance [his sentence]." (Id. at PageID 2.)

## II. ANALYSIS

A one-year statute of limitations applies to motions brought under § 2255. The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Court entered judgment on November 21, 2017. (Case No. 2:17-cr-20106 at ECF No. 63, PageID 200.) Tyson did not appeal to the Sixth Circuit. When no direct appeal is filed, the judgment of conviction becomes final when the time for filing a notice of appeal expires. Sanchez-Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004). "[A] defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment." Fed. R. App. P. 4(b)(1)(A).

Tyson's judgment of conviction became final on Tuesday, December 5, 2017. The statute of limitations expired one year later on December 5, 2018. Tyson filed his § 2255 Motion in March 2026, nearly 8 years too late. (See ECF No. 2.)

Tyson does not make a clear argument about the timeliness of his § 2255 Motion. He argues that "new federal laws [and] rules were enacted" in 2024 and 2025 that prohibit a sentencing court from using "sealed youthful offender criminal history to enhance [a defendant's] sentence." (*Id.* at PageID 2.) Tyson's motion is arguably based on what he believes is a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). He attaches a proposed amendment to U.S.S.G. § 4A1.1(c) from 2023 that addresses "Youthful Individuals." (ECF No. 2-1.) That amendment, however, was never enacted. See U.S.S.G. § 4A1.1(c). Accordingly, there is no basis to apply § 2255(f)(3) to Tyson's case. As a result, Tyson's § 2255 Motion is time-barred and therefore **DISMISSED WITH PREJUDICE**.

## III. APPELLATE ISSUES

A § 2255 movant may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)–(3). A substantial showing is made when the prisoner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

There is no question that Tyson's § 2255 Motion is time-barred. Therefore, a certificate of appealability is **DENIED**.

The Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)–(b), does not apply to appeals of orders dismissing § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case and avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). Id. at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)–(5).

For the same reasons the Court denies a COA, the Court **CERTIFIES** that any appeal would not be taken in good faith. Leave to proceed in forma pauperis on appeal is **DENIED**.[1]

## IV. CONCLUSION

For the reasons set out above, Tyson's Motion is DISMISSED WITH PREJUDICE, a certificate of appealability is DENIED, leave to proceed in forma pauperis is **DENIED**, and the Court **CERTIFIES** that any appeal would not be taken in good faith.

**IT IS SO ORDERED**, this 3rd day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

[1] If Tyson files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed in forma pauperis and a supporting affidavit in the Sixth Circuit within 30 days.